LUCERO, Circuit Judge,
concurring.
It is with considerable understatement that the majority acknowledges the “degree of discomfort” presented by this case. While I am constrained to agree that we must dismiss, I am troubled by the manner in which SunAmerica has extinguished RMA’s right to a merits appeal.
This case presents a classic chicken-and-egg dilemma: By executing on a subsidiary judgment, SunAmerica has extinguished RMA’s right to appeal the very merits determination that served as the predicate for the subsidiary judgment in the first place. If we were to reach the merits and reverse the district court’s decision, however, there is little doubt that RMA would be entitled to relief from the subsidiary attorneys’ fee judgment. See Fed.R.Civ.P. 60(b)(5) (“On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding ... (5) [if such judg *1077 ment] is based on an earlier judgment that has been reversed or vacated.”); see also Cal. Med. Ass’n v. Shalala, 207 F.3d 575, 576-78 (9th Cir.2000) (Rule 60(b)(5) is proper vehicle to set aside award of attorneys’ fees after underlying judgment is reversed); 15B Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3915.6, at 344 (3d ed. 1992). RMA will not have the opportunity to pursue its merits appeal and thus no opportunity to file a 60(b)(5) motion.
As a matter of public policy, I doubt the wisdom of a rule that readily places the right to appeal on an auction block. More troublesome still is a rule permitting a defendant to purchase its opponent’s appellate rights, thereby extinguishing a plaintiffs claim. “[A defendant] obviously has no intention to litigate a claim against itself.” Snow, Nuffer, Engstrom & Drake v. Tanasse, 980 P.2d 208, 211 (Utah 1999). Today’s decision thus incentivizes Utah defendants to attempt an end run around merits determinations by purchasing a plaintiffs right to appeal. This incentive is at its zenith when it is most offensive— in those cases in which a defendant believes it would likely lose the merits appeal.
As the Utah Supreme Court has noted, the actual value of a claim purchased by an opponent at auction will never be fairly determined. Id. at 211-12. SunAmerica, of course, hoped to purchase RMA’s claim at the lowest possible cost. Being the highest and only bidder, SunAmerica paid $10,000 to extinguish a claim against itself that RMA valued at over $950,000. (Perhaps not coincidentally, the defendant in Tanasse also paid $10,000 to purchase the claim against itself. Id. at 209). Because of our dismissal, we will not know whether SunAmerica paid fair value.
Despite these problems, it appears that Utah law generally authorizes judgment creditors to purchase a chose in action through execution on another judgment. See Applied Med. Techs. v. Eames, 44 P.3d 699, 701-02 (Utah 2002); Tanasse, 980 P.2d at 211. In the absence of a special relationship between the plaintiff and defendant, e.g., attorney/client, a chose in action is an alienable form of property under Utah law. Tanasse, 980 P.2d at 211. But in the typical situation — to the extent any such transaction may be termed “typical” — a judgment creditor executes upon a final judgment in one case to purchase a chose in action in a separate and distinct case. By contrast, SunAmerica purchased the right to appeal in the same case that produced the judgment upon which it executed. Thus this appeal’s circularity: We cannot reach the merits of this appeal if we grant the motion to dismiss, but we cannot know whether the motion to dismiss is well-taken unless we reach the merits.
My concerns are eased in this case only because dismissal of this appeal was entirely foreseeable and easily avoided. RMA had abundant notice that SunAmerica intended to purchase RMA’s right to appeal. Yet RMA failed to seize any of its numerous opportunities to forestall this outcome: It did not appeal the attorneys’ fee judgment; it did not ask us to stay the judgment; it did not pay the judgment; it did not post a supersedeas bond; and it did not appeal the denial of its motion to stay or quash execution. Any one of these procedures would have prevented SunAmerica from purchasing the chose in action and moving to dismiss the appeal. Having failed to take any of these steps, RMA has waived its challenge to the execution sale, and I accordingly join the opinion of my majority colleagues.